**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANN SAULS, Administrator of the Estate of SETH PROCTOR, deceased, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 22-cv-0255 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| COUNTY OF LASALLE, ILLINOIS, et al., | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ann Sauls, administrator of decedent Seth Proctor's estate, brings a three-count first amended complaint alleging violations of decedent's Fourteenth Amendment right to due process in relation to his suicide that occurred in the LaSalle County Jail while he was a pretrial detainee. *See* 42 U.S.C. § 1983. Before the Court is defendant LaSalle County Sheriff Thomas Templeton's motion to dismiss Count I under Federal Rule of Civil Procedure 12(b)(6). Also before the Court is defendant Nurse Diana Gapinski's motion to dismiss Count II based on her lack of personal involvement in the alleged constitutional violation. For the following reasons, the Court grants defendants' motions and also grants plaintiff leave to file a second amended complaint in accordance with this ruling.

**Background**

On February 9, 2021, Ottawa, Illinois police arrested Proctor for driving under the influence, among other offenses, after Proctor struck a traffic control signal pole. That same day, Proctor was transported to the LaSalle County Jail, at which time LaSalle County Sheriff's Deputies conducted an initial screening. Proctor explained to them that he had previously attempted suicide on numerous occasions, including a month before the February 9 incident. Based on his reported suicidality, unknown Sheriff Deputies decided to place Proctor in a padded safety cell until he could see a

mental healthcare provider. Plaintiff alleges that at no time did these Sheriff's Deputies communicate Proctor's prior suicide attempts to other Sheriff's Deputies or jail healthcare providers.

The next day, February 10, 2021, a licensed clinical social worker, Lisa Kelly Jones, conducted Proctor's mental health screening. Proctor reported to Jones that he was intoxicated at intake and did not remember mentioning that he was suicidal, although he was not surprised he did so. After the mental health screening, Jones decided to move Proctor out of the padded safety cell and into a cell on the A-Block. The A-Block was used as an isolation block where individuals were detained in single-person cells due to Covid-19. Plaintiff alleges that Jones did not communicate Proctor's prior suicide attempts to LaSalle County Sheriff's Deputies or any other healthcare providers.

On February 11, Jones followed-up with Proctor and told him to push an intercom button to contact a Sherriff's Deputy if he began to have suicidal feelings. That same day, a nurse named Haleigh Emm interviewed Proctor to talk about his alcohol use. According to plaintiff, Nurse Emm never reported Proctor's past suicide attempts to LaSalle County Sheriff's Deputies or other healthcare providers. On February 12, a Sheriff's Deputy performed a cell check and found Proctor hanging from his bed sheet in his cell.

Based on these facts, plaintiff brings Fourteenth Amendment due process claims against Wellpath, LLC, the limited liability company which has contracted with LaSalle County to provide medical and mental healthcare to detainees at the LaSalle County Jail (Count III), and against Wellpath employees Nurse Emm, Nurse Gapinski, and social worker Jones (Count II). Plaintiff also brings a due process claim against Thomas Templeton, the Sheriff of LaSalle County and Chief Administrator of the LaSalle County Jail during the relevant time period (Count I). These constitutional claims are based on defendants' failure to provide competent mental and medical

healthcare and supervision while Proctor was detained at the LaSalle County Jail. At issue in the present motions are Counts I and II.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Under the Fourteenth Amendment, "[t]o state a claim for inadequate medical care, a complaint must allege that: (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the decedent's medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the decedent's medical need; and (4) the defendant acts 'purposefully, knowingly, or perhaps even recklessly' with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 827–28 (7th Cir. 2022) (citation omitted); *see also McCann v. Ogle Cnty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018).

*Count I*

Plaintiff brings a due process medical care claim against Sheriff Templeton. Although plaintiff does not allege whether she is bringing this claim against Sheriff Templeton in his individual

3

or official capacity in the first amended complaint, in her response brief, she states that her claim against Sheriff Templeton is in his official capacity.

A claim against Sheriff Templeton in his official capacity is, in essence, a claim against the LaSalle County Sheriff's Office and LaSalle County. *See Koger v. Dart*, 950 F.3d 971, 976 (7th Cir. 2020) ("The Sheriff, sued in an official capacity, is just a proxy for the County."). That said, as an Illinois sheriff, Sheriff Templeton has the final policymaking authority over LaSalle Jail's operations, and therefore, is the proper defendant for a claim under *Monell v. Department of Social Services of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), when a plaintiff is targeting the customs or practices that allegedly deprive detainees of their federal rights. *Miranda v. County of Lake*, 900 F.3d 335, 344 (7th Cir. 2018). "A municipal entity can be liable under section 1983 for constitutional violations only if those violations were brought about by: (1) an express policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by an agent with final policymaking authority." *Gonzalez*, 40 F.4th at 829. "A municipal entity is liable under § 1983 only if a municipal 'policy or custom' is the 'moving force' behind a constitutional violation and if the municipal defendant can be said to be culpable or at fault for the violation." *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 826 (7th Cir. 2022).

Although plaintiff's allegations discuss the various failures attributable to the Sheriff's Office and Deputies, plaintiff fails to sufficiently allege whether these failures are attributable to an express policy, an unofficial widespread practice or custom, or a direct decision made by Sheriff Templeton. Further, her allegations do not provide sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" under *Monell*. *See Iqbal*, 556 U.S. at 678. The Court therefore grants Sheriff Templeton's motion to dismiss, but also grants plaintiff leave to reallege her claim under *Monell's* framework.

*Count II*

In her motion to dismiss, Nurse Gapinski, who is a registered nurse working at the LaSalle County Jail, asserts plaintiff has failed to plausibly allege she was personally involved in the denial of Proctor's due process rights concerning his medical and mental healthcare. For "a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights." *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). "Consequently, a claim will not survive a motion to dismiss unless it "plead[s] that [a] Government-official defendant, through the official's own individual actions, has violated the Constitution." *Milchtein,*, 42 F.4th at 824 (quoting *Iqbal*, 556 U.S. at 676).

Here, there are no factual allegations in the first amended complaint indicating Nurse Gapinski's involvement in the alleged due process violation, and as stated above, plaintiff must allege that Nurse Gapinski committed a volitional act concerning Proctor's medical need to plausibly allege a Fourteenth Amendment due process claim. Without more, plaintiff has failed to adequately allege a constitutional violation against Nurse Gapinski under the federal pleading standards. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The Court grants Nurse Gapinski's motion to dismiss without prejudice.

**Conclusion**

The Court grants defendants' motions to dismiss without prejudice [35, 40]. The Court further grants plaintiff leave to file a second amended complaint in accordance with this ruling. Plaintiff's second amended complaint is due on or before October 28, 2022.

IT IS SO ORDERED.

Date: 9/26/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5