#3121633_FHC/BRP/JRB    2022S-0007

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANN SAULS, Administrator of the Estate of SETH PROCTOR, deceased,<br><br>       Plaintiff,<br><br>    v.<br><br>COUNTY OF LASALLE, a municipal corporation; LASALLE COUNTY SHERIFF'S OFFICE, a political subdivision; THOMAS TEMPLETON, in his official capacity as LaSalle County Sheriff; WELLPATH LLC f/k/a CORRECT CARE SOLUTIONS, LLC, a foreign limited liability company; LISA KELLY JONES, LCSW; DIANA GAPINSKI, RN; and HALEIGH EMM, RN,<br><br>       Defendants. | No. 22-cv-00255<br><br>Judge Susan Johnson Coleman |

## SECOND AMENDED COMPLAINT

Plaintiff, ANN SAULS, Administrator of the Estate of SETH PROCTOR, deceased, through her attorneys, Corboy & Demetrio, P.C., complaining of Defendants, states:

### JURISDICTION

The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this claim under 42 U.S.C. § 1983 arises under the laws of the United States. This Court has personal jurisdiction over Defendants as all Defendants work, reside, or are located within this District.

## VENUE

Venue is proper under 28 U.S.C. §1391(b). Defendants reside in the Northern District of Illinois and the events giving rise to this matter all occurred in the Northern District of Illinois.

## PARTIES

1. Plaintiff, Ann Sauls, is a resident of the United States and resides in the State of Georgia. Ann Sauls is the duly appointed Administrator of the Estate of Seth Proctor, deceased. Ann Sauls was Seth Proctor's mother.

2. The County of LaSalle is a municipal corporation duly incorporated under the laws of the State of Illinois.

3. Defendant County of LaSalle is joined in the action pursuant to *Carver v. Sheriff of LaSalle County,* 324 F.3d 947 (7th Cir. 2003).

4. The LaSalle County Sheriff's Office is a political subdivision of the County of LaSalle.

5. At all relevant times, Thomas Templeton was the duly elected Sheriff of LaSalle County and Chief Administrator of the LaSalle County Jail. At all relevant times he was acting under the color of state law and within the scope of his employment with the County of LaSalle and the LaSalle County Sheriff's Office. He is named in his official capacity.

6. WELLPATH LLC f/k/a CORRECT CARE SOLUTIONS, LLC ("WELLPATH") is a foreign limited liability company incorporated in Delaware with a principal place of business in Tennessee.

7. At all relevant times, LISA KELLY JONES, LCSW, DIANA GAPINSKI, RN; and HALEIGH EMM, RN were employees and/or agents of WELLPATH working at the LaSalle County Jail in Illinois.

## FACTS

**A. Arrest of Proctor by Ottawa Police Department**

1. On February 9, 2021, at approximately 3:00 a.m., Plaintiff's decedent, Seth Proctor, struck a traffic control signal pole at or about the intersection of East Norris Drive and Columbus Street in Ottawa, Illinois.

2. Seth Proctor was transported from the scene by the Ottawa Fire Department to OSF Saint Elizabeth Medical Center ("OSF") in Rockford, Illinois with a head injury.

3. At 3:45 a.m., while at OSF and under the supervision of Ottawa Police Officers, Seth Proctor consented to a blood draw. Seth Proctor's blood alcohol content was 0.278.

4. At 3:50 a.m., while at OSF and under the supervision of Ottawa Police Officers, Seth Proctor suddenly attacked and attempted to choke an OSF nurse.

5. OSF personnel noted Seth Proctor was obviously heavily intoxicated and had intermittent yelling outbursts.

6. At approximately 5:00 a.m., following his treatment at OSF Saint Elizabeth Medical Center in Rockford, Illinois, the Ottawa Police Department transported Seth to the Ottawa Police Department for booking.

7. Seth Proctor was arrested by the Ottawa Police Department for driving under the influence pursuant to 625 ILCS 5/11-601(a)(5), failure to reduce speed to avoid an accident, driving too fast for conditions, improper turn, possession of adult use cannabis in a motor vehicle, and felony aggravated battery.

8. From approximately 5:00 a.m. to 6:30 a.m. Seth Proctor remained at the Ottawa Police Department for booking where, he was unable to speak coherently, stand on his own, or be fingerprinted due to his intoxication.

### B. Detainment in Padded Cell

9. On February 9, 2021, at approximately 6:30 a.m. Seth Proctor was transported to and detained at the LaSalle County Jail located at 707 East Etna Road, Ottawa, Illinois 61350.

10. The LaSalle County Jail is operated by the LaSalle County Sheriff's Office, a political subdivision of the County of LaSalle.

11. On February 9, 2021, sometime after his arrival at the LaSalle County Jail, Seth Proctor was given an initial arrestee screening by Unknown LaSalle County Sheriff's Deputies.

12. During his initial screening at the LaSalle County Jail, Seth Proctor reported to Unknown LaSalle County Sheriff's Deputies that he had previously attempted suicide on five different occasions, including the most recent attempt which occurred approximately one month before his February 9, 2021 accident and detention.

13. Based upon Seth's reported suicidality, aforesaid Unknown LaSalle County Sheriff's Deputies decided to place Seth Proctor in a padded safety cell in booking until he could be seen by a mental healthcare provider.

14. At no time did the Unknown LaSalle County Sheriff's Deputies communicate, record, alert or pass along information regarding Seth Proctor's prior suicide attempts, the reasons for his confinement to a padded safety cell to other LaSalle Sheriff's Deputies or Wellpath Providers.

### C. Wellpath

15. On or before December 11, 2017, COUNTY OF LASALLE entered into a contract with Wellpath LLC f/k/a Correct Care Solutions, LLC ("WELLPATH") wherein WELLPATH was to provide medical and mental healthcare services to inmates at LaSalle County Jail.

4

16. WELLPATH was responsible for hiring, retaining, training and supervising the conduct, policies and practices of its agents and/or employees.

17. At all relevant times, WELLPATH, on behalf of the County of LaSalle, employed two registered nurses to provide care to pre-trial detainees at LaSalle County Jail: Diana Gapinski, RN and Haleigh Emm, RN.

18. On August 26, 2016, the Illinois Department of Financial and Professional Regulation ("IDFPR") suspended Haleigh Emm's registered nurse license automatically and indefinitely for a minimum of 12 months for failure to comply with the terms of a Care, Counseling and Treatment Agreement.

19. Approximately 20 months later, on April 5, 2018, IDFPR placed Haleigh Emm on indefinite probation for a minimum of two years.

20. Two years and eight months later, on December 7, 2020, Haleigh Emm's probation was lifted.

21. At all relevant times, Wellpath, on behalf of the County of LaSalle, employed a licensed clinical social worker, Lisa Kelly Jones, to provide mental healthcare to pre-trial detainees.

**D. Day Two**

22. On February 9, 2021 Seth Proctor was booked at the LaSalle County Jail by LaSalle Sheriff's Deputies subsequent to the aforementioned incident and visit to the OSF Hospital.

23. Upon booking, Seth Proctor was placed in a padded safety cell and was never approached by the LaSalle County Jail Health Department particularly Nurse Diana Gapinski who was on duty at the time he was booked.

5

24. Nurse Gapiniski failed to screen, access, interact with, talk to, check on and/or question Seth Proctor regarding his health including his mental and emotional status at the time of booking.

25. As an alternative to screening, accessing, interacting with, talking to, checking on or even questioning Seth Proctor, the only action Nurse Gapiniski took was to leave a note informing an oncoming nurse that she did not see Seth Proctor on the night that he was booked.

26. On February 10, 2021 at 9:25 a.m., over 24 hours after Seth Proctor was placed in a padded safety cell, Lisa Kelly Jones, a licensed clinical social worker, conducted a mental health screening of Seth Proctor at the LaSalle County Jail.

27. Lisa Kelly Jones knew that Seth Proctor was placed in a padded safety cell because of the seriousness of the previous suicidal statements Seth Proctor had made.

28. During his mental health screening, Seth Proctor told JONES that he was intoxicated upon intake into the LaSalle County Jail. He stated he did not remember reporting that he was suicidal but was not surprised that he did so.

29. During this meeting, JONES provided Seth Proctor with material to read including a book entitled *From Shattered to Restored: Rediscoving Hope. Discovering Purpose.* By Nanette V. Larson, which was affixed with a "mental health" sticker. The back cover of the book reads in part: "In this stunningly transparent memoir, Nanette Larson shares her journey from a life of constant hopelessness and despair, deep depression, crippling anxiety, and suicidality to one full of victorious hope and purpose."

30. On February 10, 2021, despite the fact that decedent, Seth Proctor, admitted to having attempted suicide five different times in the past, including one attempt occurring within

one month of his detention, JONES made the decision to move Seth Proctor out of the padded safety cell and into a cell A-207 in A-Block.

31. Due to COVID-19, A-Block was used as an isolation block where inmates are detained in single-person cells for a quarantine period and permitted to spend one hour per day outside of their cells in the A-Block common area, with one other inmate.

32. At no time did JONES communicate, record, alert or pass along information regarding Seth Proctor's prior suicide attempts, emotional state, and/or his need to be closely monitored to LaSalle Sheriff's Deputies or other Wellpath Providers.

33. At no time did LaSalle Sheriff's Deputies communicate, record, alert or pass along information regarding Seth Proctor's prior suicide attempts, emotional state, and/or his need to be closely monitored to LaSalle Sheriff's Deputies monitoring the A-Block.

**E. Day Three**

34. On February 11, 2021, Lisa Kelly Jones followed up with Seth Proctor after his initial mental health screening.

35. During their February 11, 2021 conversation, Seth Proctor expressed that he felt bad when he found out he assaulted a nurse and was remorseful and emotional.

36. During their February 11, 2021 conversation, Lisa Kelly Jones told Seth Proctor to push an intercom button to contact a LaSalle County Sheriff's Office deputy if he began having suicidal feelings again and that she would meet with him again in four (4) days.

37. On February 11, 2021, Seth Proctor was seen by Haleigh Emm, RN to discuss his alcohol use.

38. At no time did Nurse Emm record, alert or pass along information regarding Seth Proctor's prior suicide attempts, emotional state, alcohol withdrawal symptoms and/or his need to be closely monitored to LaSalle Sheriff's Deputies monitoring the A-Block.

**F. Day Four**

39. On February 12, 2021, LaSalle County Sheriff's Office Deputy, Josh Hill, was the only deputy assigned to the general population East Pod of the Jail where Seth Proctor was being held as a pre-trial detainee.

40. Pursuant to internal policy and state regulations, Sheriff's deputies were required to perform cell checks more frequently than every 30 minutes.

41. Deputy Hill reported that he performed a cell check at 10:31 p.m. and reported no issues.

42. Deputy Hill reported that he performed another cell check at 10:57 p.m.

43. During his 10:57 p.m. cell check, Deputy Hill checked cell A-207, Seth Proctor's cell, and moved on to check cell A-208, the cell immediately adjacent to Seth Proctor's cell.

44. At the time Deputy Hill performed his initial check on A-207, Seth Proctor's cell, Seth Proctor was hanging from a bed sheet wrapped around his neck with the other end affixed over the top bunk of his cell.

45. Even though Seth Proctor was hanging by his neck from his bed sheet at the time Deputy Hill performed his initial check on A-207, Deputy Hill moved on to check cell A-208, the cell immediately adjacent to Seth Proctor's cell.

46. After Deputy Hill checked cell A-208, he returned to Seth Proctor's cell where Seth Proctor remained hanging by his neck from his bed sheet.

8

47. At and before the time Deputy Hill was assigned to perform cell checks on general A-Block, he was never informed by any LaSalle County Sheriff's Office or Wellpath employee that Seth Proctor had previously been detained in a padded safety cell before moving to general population A-Block.

48. LaSalle County Sheriff's Office Sergeant Eric Ratliff observed Seth Proctor in the padded safety cell.

49. LaSalle County Sheriff's Office Deputy Michael Slingsby observed Seth Proctor in the padded safety cell.

50. LaSalle County Sheriff's Office Deputy Charles Wolf observed Seth Proctor in the padded safety cell.

51. LaSalle County Sheriff's Office Deputy Justin Cogdal observed Seth Proctor in the padded safety cell.

52. JONES observed Seth Proctor in the padded safety cell.

53. GAPINSKI observed Seth Proctor in the padded safety cell.

54. At and before the time Deputy Hill was assigned to perform cell checks on general A-Block, Deputy Hill was never informed by any LaSalle County Sheriff's Office employee or Wellpath that Seth Proctor had previously admitted to having attempted suicide five different times in the past, including one attempt within one month of his detention.

**G. Prior Suicides at LaSalle County Jail**

55. On November 22, 1999, a pre-trial detainee at LaSalle County Jail, who attempted to commit suicide on two occasions including one attempt within the year prior to his detainment, hanged himself. (*See Binder v. Templeton, et al.,* Case No. 01-cv-01115, N.D. Ill.)

9

56. On August 17, 2000, a pre-trial detainee at LaSalle County Jail, who had previously attempted to commit suicide on multiple occasions prior to his detainment, hanged himself after less than 24 hours after his arrival. (*See Binder v. Templeton, et al.,* Case No. 00-cv-03065, N.D. Ill.)

57. On September 17, 2016, a pre-trial detainee at LaSalle County Jail with known psychological issues hanged himself less than 24 hours after his arrival. (*See Jaros v. LaSalle County, et al.*, Case No. 17-cv-5357., N.D. Ill.)

**H. Wellpath's Nationwide History of Inadequate Mental Health Care.**

58. Wellpath is the largest for-profit provider of health care to correctional facilities in the United States.

59. Wellpath provides health care for over 500 correctional facilities across 34 states.

60. In June of 2019, CNN reported that in cases across the county, Wellpath has "failed to spot and treat serious psychiatric disorders and have allowed common infections and conditions to become fatal." https://www.cnn.com/interactive/2019/06/us/jail-health-care-ccs-invs/

61. From 2014 – 2018, Wellpath was accused of providing substandard care in over 200 lawsuits and accused of contributing to more than 70 deaths.

62. On December 19, 2018, the Department of Justice published its investigation of Hampton Roads Regional Jail in Portsmouth, Virginia, finding that inmates were subjected to a substantial risk of serious harm as a result of inadequate mental healthcare provided by Wellpath.

<u>COUNT I – § 1983 *MONELL*</u>
<u>TEMPLETON, COUNTY OF LASALLE, LASALLE COUNTY SHERIFF'S OFFICE</u>

1. Plaintiff, Ann Sauls, re-alleges and incorporates each of the preceding paragraphs of this Complaint as if stated fully herein.

2.	At all relevant times, Seth Proctor had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property.

3.	The actions of the Defendants which resulted in Seth Proctor's death were done pursuant to one or more interrelated policies, practices and/or customs of the Defendants THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, COUNTY OF LASALLE, along with their agents, and/or officials.

4.	At all relevant times, TEMPLETON was the commanding officer of all LaSalle County Sheriff's Deputies, correctional officers, and jail employees with final decision making and supervisory authority.

5.	Defendants THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE knew that there were inmates at LaSalle County Jail suffering from severe medical and mental health conditions who, without proper care and treatment, were at risk of injury and/or death.

6.	Defendants THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE knew that inmates who attempted to commit suicide in the past were at an increased risk of attempting suicide while detained.

7.	Defendants THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE knew that inmates experiencing alcohol withdrawal are at an increased risk of experiencing depression and suicidal thoughts.

8.	Defendants THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE knew that there was a substantial, imminent and

immediate risk of injury and/or death to LaSalle County Jail inmates if their serious medical and mental health issues were left substantially untreated.

9. Defendants THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE violated Seth Proctor's Fourteenth Amendment Substantive Due Process rights when, with the aforementioned knowledge, each of them:

   a. Failed to provide adequate medical care to pre-trial detainees with serious medical issues;

   b. Failed to provide close observation and adequate medical care by trained medical professionals;

   c. Failed to ensure that inmates who admit to multiple prior suicide attempts are provided competent mental health care and increased supervision;

   d. Failed to ensure communication between LaSalle Sheriff's Deputies and health care providers across all shifts.

   e. Failed to develop, implement, and/or utilize a suicide prevention plan in accordance with Illinois Administrative Code Title 20 §701 including but not limited to training jail staff on procedures for recognition, supervision, documentation, and handling of inmates who are potentially suicidal (and directs that supplemental training should be provided to the jail staff members who are responsible for intake screenings), training jail staff procedures for identification of suicidal tendencies on risk, training jail staff on communication with inmates on mental health and suicidal risks, and training jail staff on adequate supervision for suicidal inmates;

   f. Failed to provide appropriate care and supervision to inmates who present with suicidal concerns and should be checked on more frequently than the standard 30-minute check per Illinois Administrative Code Title 20 §701.140;

   g. Failing to conduct visual, face to face observation of potentially suicidal inmates by jailers more frequently than the standard 30-minute check per Illinois Administrative Code Title 20 §701.140;

   h. Failing to maintain and keep up the structural conditions of the facility and maintain the necessary equipment in order to allow corrections officials to personally observe potentially suicidal detainees more frequently than the standard 30-minute check per Illinois Administrative Code Title 20 §701.140;

i. Failing to provide adequate staffing or other reasonable means to allow corrections officials to personally observe potentially suicidal detainees more frequently than the standard 30-minute check per Illinois Administrative Code Title 20 §701.140;

j. Failing to adequately staff the LaSalle County jail or adequately train the staff so as to comply with the procedure for continuous monitoring, supervising, and observing inmates, including potentially suicidal inmates;

k. Failing to staff the jail with sufficient officers to ensure compliance with their duty to reasonably and adequately identify and protect inmates with serious medical needs, including Seth Proctor, from the serious and foreseeable risk of suicide within LaSalle County jail;

l. Failing to address and ignoring threats of suicide;

m. Failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control corrections officials;

n. Failing to appropriately and timely identify serious mental health conditions and needs of pretrial detainees like Seth Proctor;

o. Failing to appropriately recognize suicidal tendencies in pretrial detainees;

p. Failing to timely refer pretrial detainees for appropriate mental health medical services;

q. Failing and refusing to adequately and timely communicate critical information regarding mental health to health care providers;

r. Failing to take adequate preventative measures upon discovery of suicidal tendencies of pre-trial detainees like Seth Proctor;

s. Possessing knowledge of deficiencies in the policies, practices, customs and procedures concerning detainees and approving and/or deliberately turning a blind eye to those deficiencies;

t. Failure to adequately observe pre-trial detainees to identify problematic behavior and interrupt suicide attempts;

u. Failure to adequately screen pre-trial detainees for mental health status and suicidal tendencies;

v. Failure to provide preventative health care to avoid suicide;

w. Deliberately ignored subjecting pre-trial detainees to unreasonable risk of harm;

13

      x.   Deliberately ignored violations of appropriate intake and screening procedures;

      y.   Deliberately ignored and failed to rectify violations of appropriate personal observation procedures; and,

      z.   Deliberately failed to supervise and control correctional officers so as to prevent violations of pre-trial detainees' rights

10.   On and prior to February 12, 2021, the aforementioned acts, omissions, and deliberate failures constituted the widespread practice of Defendants THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE.

11.   On and prior to February 12, 2021, Defendant THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE was on notice that it was custom of its employees and/or agents to ignore obvious signs that an inmate was at risk of committing suicide, fail to communicate any such information to other employees responsible for the inmate's care, and to transfer suicidal inmates to general cells with less supervision.

12.   On and prior to February 12, 2021, THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE failed to enforce regulations and/or its own policies against their agents and/or employees regarding identification, treatment and supervision of inmates at risk for suicide.

13.   On and prior to February 12, 2021, THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE tacitly authorized the aforementioned customs and practices by condoning such behavior.

14.   In failing to administer proper disciplinary action for the aforementioned behavior, THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE approved, encouraged and promoted a continued pattern of providing dangerously insufficient healthcare by their employees and/or agents.

15. The aforementioned practices and/or customs of Defendant THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE deprived Seth Proctor of his constitutionally protected substantive due process rights.

16. Defendants THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE correctional officers along with other employees were not properly trained in how to intake, screen, identify, refer and/or handle pre-trial detainees with potential mental health issues, including persons with suicidal tendencies or ideations to avoid exacerbation of their symptoms and to manage and control the mental and physical health of detainees and to prevent them from taking their own lives.

17. Said interrelated policies and customs were maintained and implemented with deliberate indifference and unreasonably, and encouraged the Defendants THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE to commit the aforesaid acts against Seth Proctor and therefore acted as direct and proximate causes of said constitutional violations.

18. As a direct and proximate result of one or more of the foregoing objectively unreasonable acts and/or omissions, Plaintiff's decedent, Seth Proctor, suffered a substantial risk of serious harm which resulted in his death.

19. At the time of his death, Plaintiff's decedent, Seth Proctor, was survived by his minor daughter, Nevaeh Proctor-St. Martin, who has suffered injuries of a personal and pecuniary nature as a result of Seth Proctor's death.

WHEREFORE, Plaintiff, ANN SAULS, Administrator of the Estate of SETH PROCTOR, deceased, demands judgment against Defendants THOMAS TEMPLETON, LASALLE COUNTY SHERIFF'S OFFICE, and the COUNTY OF LASALLE and requests compensatory

damages sufficient to fairly and reasonably compensate Plaintiff and for all relief to which Plaintiff is entitled pursuant to 42 U.S.C. § 1983.

**COUNT II – § 1983**
**JONES, GAPINSKI, EMM**

1. Plaintiff, Ann Sauls, re-alleges and incorporates each of the preceding paragraphs of this Complaint as if stated fully herein.

2. At all relevant times, Seth Proctor had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property.

3. At all relevant times, JONES, GAPINSKI, and EMM were responsible for providing competent and sufficient mental and medical health care to inmates at the LaSalle County Jail, including Seth Proctor.

4. At all relevant times, JONES, GAPINSKI, and EMM were acting within the scope of their employment with WELLPATH on behalf of LaSalle County.

5. At all relevant times, JONES, GAPINSKI, and EMM, were responsible for carrying out the policies and procedures in effect at the LaSalle County Jail and were acting under the color of law.

6. At all relevant times JONES, GAPINSKI, and EMM knew that:

   a. There were inmates at LaSalle County Jail suffering from severe medical and mental health conditions who, without proper care and treatment, were at risk of injury and/or death.

   b. Inmates who attempted to commit suicide in the past were at an increased risk of attempting suicide while detained.

   c. Inmates experiencing alcohol withdrawal are at an increased risk of experiencing depression and suicidal thoughts.

    d. There was a substantial, imminent and immediate risk of injury and/or death to LaSalle County Jail inmates if their serious medical and mental health issues were left substantially untreated;

    e. Failure to conduct a thorough and proper mental health screening of pre-trial detainees created an increased risk of suicide attempts; and

    f. Failure by these Defendants to communicate and/or record a detainee's self-reported suicidal thoughts and/or prior attempts to other LaSalle County Deputies and medical staff created a substantial risk of death;

7. Defendants JONES, GAPINSKI and EMM violated Seth Proctor's Fourteenth Amendment Substantive Due Process rights when, with the aforementioned knowledge, they collectively and individually:

    a. Failed to provide adequate medical care to detainees with serious medical issues;

    b. Failed to provide close observation and adequate medical care by trained medical professionals;

    c. Failed to ensure that inmates who admit to multiple prior suicide attempts are provided competent mental health care and increased supervision;

    d. Failed to ensure communication between deputies and health care providers across all shifts;

    e. Failed to timely and appropriately assess Seth Proctor's mental health and suicidality;

    f. Failed to timely and appropriately assess and treat Seth Proctor's alcohol withdrawal symptoms;

    g. Improperly moved Seth Proctor from a padded safety cell to a general housing cell despite having actual notice that he was at risk for attempting suicide;

    h. Failed to timely and appropriately monitor Seth Proctor despite having actual notice that he was at risk for attempting suicide;

    i. Failed to inform Sheriff's deputies responsible for supervising and protecting Seth Proctor that he had previously expressed suicidal tendencies;

    j. Failed to inform Sheriff's deputies responsible for supervising and protecting Seth Proctor that he had admitted to having previously attempted suicide five different times in the past, including one attempt occurring within one month of his detention;

    k. Failed to inform Sheriff's deputies responsible for supervising and protecting Seth Proctor that he had previously been detained in a padded safety cell because of the known risk that he may attempt suicide again; and

    l. Failed to house Seth Proctor in a cell that reduced and/or eliminated the known risk that he was strongly susceptible to future suicide attempts.

8. As a direct and proximate result of one or more of the foregoing objectively unreasonable acts and/or omissions, Plaintiff's decedent, Seth Proctor, suffered a substantial risk of serious harm which resulted in his death.

9. At the time of his death, Plaintiff's decedent, Seth Proctor, was survived by his minor daughter, Nevaeh Proctor-St. Martin, who has suffered injuries of a personal and pecuniary nature as a result of Seth Proctor's death.

WHEREFORE, Plaintiff, ANN SAULS, Administrator of the Estate of SETH PROCTOR, deceased, demands judgment against Defendants JONES, GAPINSKI, EMM and requests compensatory damages sufficient to fairly and reasonably compensate Plaintiff and for all relief to which Plaintiff is entitled pursuant to 42 U.S.C. § 1983.

### COUNT III – § 1983 *MONELL*
### WELLPATH

1. Plaintiff, Ann Sauls, re-alleges and incorporates each of the preceding paragraphs of this Complaint as if stated fully herein.

2. At all relevant times, Seth Proctor had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property.

3. At all relevant times, WELLPATH was granted policymaking authority by COUNTY OF LASALLE and LASALLE COUNTY SHERIFF'S OFFICE as to the medical treatment provided to LaSalle County Jail inmates.

4. WELLPATH had a duty to refrain from violating the constitutional rights of Seth Proctor.

5. On and prior to February 12, 2021, it was the widespread practice of Wellpath employees to transfer inmates with a clear risk of committing suicide to general holding cells.

6. On and prior to February 12, 2021, it was the widespread practice of Wellpath employees to fail to pass along information to other LaSalle County Jail personnel regarding potentially suicidal inmates.

7. On and prior to February 12, 2021, it was the widespread practice of Wellpath employees to rush mental health evaluations and/or not take seriously obvious signs of severe depression.

8. On and prior to February 12, 2021, Defendant WELLPATH was on notice that it was custom of its employees to ignore obvious signs that an inmate was at risk of committing suicide, fail to communicate any such information to other employees responsible for the inmate's care, and to transfer suicidal inmates to general cells with less supervision.

9. On and prior to February 12, 2021, Defendant WELLPATH failed to enforce regulations and/or its own policies against its employees regarding identification, treatment and supervision of inmates at risk for suicide.

10. On and prior to February 12, 2021, Defendant WELLPATH tacitly authorized the aforementioned customs and practices by condoning such behavior.

11. In failing to administer proper disciplinary action for the aforementioned behavior, Defendant WELLPATH approved, encouraged and promoted a continued pattern of providing dangerously insufficient healthcare by WELLPATH employees including Defendants JONES, GAPINSKI, EMM.

12. The aforementioned practices and/or customs of Defendant WELLPATH deprived Seth Proctor of his constitutionally protected substantive due process rights.

WHEREFORE, Plaintiff, ANN SAULS, Administrator of the Estate of SETH PROCTOR, deceased, demands judgment against Defendant WELLPATH and requests compensatory damages sufficient to fairly and reasonably compensate Plaintiff and for all relief to which Plaintiff is entitled.

CORBOY & DEMETRIO, P.C.,

/s/ *Britney R. Pennycook*
By: Britney R. Pennycook
One of the Attorneys for Plaintiff

Philip Harnett Corboy, Jr. (ARDC No.: 3121633)
Britney R. Pennycook (ARDC No.: 6330279)
Jamaal R. Buchanan (ARDC No.: 6304644)
CORBOY & DEMETRIO, P.C.
Attorneys for Plaintiff
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
ID No. 3121633
Primary E-mail: ccfiling@corboydemetrio.com