# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANN SAULS, Administrator of the Estate of SETH PROCTOR, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 22-cv-00255 |
| v. | ) ) ) | Judge Sharon Johnson Coleman |
| WELLPATH, LLC f/k/a CORRECT CARE SOLUTIONS, LLC, a foreign limited liability company, and LISA KELLY JONES, LCSW, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ann Sauls, Administrator of the Estate of Seth Proctor, brings claims against Wellpath, LLC ("Wellpath") and Lisa Kelly Jones, LCSW alleging constitutional violations under 42 U.S.C. § 1983. Before the Court is Wellpath's 12(b)(6) motion to dismiss on the basis of its bankruptcy discharge. For the following reasons, the Court grants Defendants' motion to dismiss without prejudice [121] as to her claim against Wellpath.

## BACKGROUND

Plaintiff brought this action on January 14, 2022, asserting claims under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), against Wellpath and its former employee, Lisa Kelly Jones, LCSW, arising from the death of Seth Proctor on February 12, 2021. Plaintiff alleges that the death of Mr. Proctor, who took his own life while detained at LaSalle County Jail on February 12, 2021, was caused by unconstitutional and inadequate mental health screening and related policies of Wellpath and Ms. Jones.

On November 11, 2024, Wellpath and its affiliated companies (the "Debtors") each filed petitions in the U.S. Bankruptcy Court for the Southern District of Texas under chapter 11 of the U.S.

1

Bankruptcy Code (the "Bankruptcy Cases"). The Bankruptcy Cases were jointly administered under case number 24-90533. Wellpath filed a Suggestion of Bankruptcy and Notice of Stay in this case on November 15, 2024, (Dkt. 111), resulting in Plaintiff's case being temporarily stayed.

The bankruptcy court entered an order (the "Confirmation Order") confirming a plan of reorganization (the "Plan") on May 1, 2025. The Plan states:

> the distributions, rights, and treatment that are provided in the Plan **shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever**, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties.

(Dkt. 121-1) Article IX.A. The holders of any claims or causes of action that were discharged or released under the Plan are enjoined from "(1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; … and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan." *Id.* Article IX.F.

While holders of any claims or causes of action are enjoined from taking any action against Debtors, those holders may bring or continue claims against non-Debtors (including employees of the Debtors) if they elected to opt out of the Plan's third-party release. *See* (Dkt. 121-1) Article IX.F. The Plan also established a Liquidating Trust which assumed the Debtors' liability for General Unsecured Claims, including personal injury and wrongful death claims arising prior to the Petition Date. *See* (Dkt. 121-1) Articles IV.N.3, VII.

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). To survive a motion to dismiss, plaintiff must "state a claim to

2

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**DISCUSSION**

The issue presented by the motion to dismiss is straightforward. Wellpath filed its motion to dismiss for failure to state a claim based upon its bankruptcy discharge. Under § 524(a) of the Bankruptcy Code, a discharge in a chapter 11 case, such as the discharge in the Debtors' Plan, "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a). Furthermore, Plaintiff "agrees that the bankruptcy proceedings have since discharged Wellpath LLC from liability pursuant to the May 1, 2025, order." (Dkt. 129) at *2. Accordingly, any attempts to proceed with claims or causes of action against any Debtor is a violation of that injunction and such claims must be dismissed against Wellpath.

Plaintiff is not left without a case. First, Plaintiff timely submitted a third-party opt out on July 30, 2025. (Dkt. 129-2). Because she opted out of the third-party release, Plaintiff may pursue her claims without restriction against former employees of Wellpath, including Ms. Jones. Additionally, because the Liquidating Trust established by the Plan assumed the Debtors' liability for the claims against it, Plaintiff may add the Liquidating Trust as a nominal defendant and liquidate her claim through a distribution from the Trust. While Plaintiff requests leave to name Wellpath as only a nominal defendant, given the bankruptcy discharge and injunction, and the existence of the Liquidating Trust, the Court agrees with Wellpath that it need not remain a nominal defendant in this case. Wellpath represents that it otherwise has no objection to Plaintiff adding the Liquidating Trust as a nominal defendant. (Dkt. 133) at *3.

However, Plaintiff may not request leave to amend her complaint in her response to Wellpath's motion to dismiss. Such a request is properly made in a separate motion pursuant to the procedure

3

outlined in Rule 15 of the Federal Rules of Civil Procedure. Thus, while the Court finds it appropriate to dismiss Plaintiff's claims against Wellpath, she may seek leave to file an amended complaint adding the Liquidating Trust as a nominal defendant.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss without prejudice [121] as to her claim against Wellpath, LLC. While Plaintiff has not demonstrated why Wellpath must remain a nominal defendant in this case, the Court may reconsider its dismissal should any future circumstances make it appropriate to re-name Wellpath as a defendant. The Court further directs Plaintiff to file a request for leave to file an amended complaint naming the Liquidating Trust as a nominal defendant as she deems appropriate.

**IT IS SO ORDERED.**

Date: 3/18/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

4